People v Greeman (2021 NY Slip Op 06450)





People v Greeman


2021 NY Slip Op 06450


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Ind No. 4247/18 Appeal No. 14637 Case No. 2020-01372 

[*1]The People of the State of New York, Respondent,
v
Edward Greeman, Defendant-Appellant.


Edward Greeman, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis J. Farber and Ellen N. Biben, JJ., at speedy trial motions; James M. Burke, J. at CPL 190.50 dismissal motion; Michele S. Rodney, J. at suppression hearing, jury trial and sentencing), rendered January 23, 2020, convicting defendant of criminal possession of a forged instrument in the second degree (15 counts), criminal impersonation in the second degree and criminal tampering in the first degree (9 counts), and sentencing him, as a second felony offender, to an aggregate term of 5½ to 11 years, unanimously affirmed.
Defendant's suppression motion was properly denied. Testimony at the suppression hearing was that on approximately five dates, including the date of the incident, defendant was observed on surveillance videotape inserting an object into the cash and credit card slots of MetroCard vending machines at the South Ferry subway station in Manhattan, preventing customers from buying MetroCards. On the date of the incident, these observations were communicated to the arresting officers who approached defendant at the South Ferry subway station as defendant was inserting an object into one of the MetroCard vending machines. After a brief interaction with the officers, defendant ran from the subway station, and ultimately ran into a public parking garage where he was arrested and searched. The police had probable cause based on defendant's earlier criminal conduct, as depicted on the surveillance videotape, and no warrant was required for defendant's arrest in a public place (see e.g . People v Vasquez , 215 AD2d 118 [1st Dept 1995], lv denied 86 NY2d 785 [1995]). Defendant's other suppression arguments are based on factual assertions that are not supported by the hearing testimony and are also not a basis for suppression.
The record supports the court's finding that defendant forfeited his right to testify before the grand jury by declining to sign a waiver of immunity after his legal advisor duly advised him regarding the waiver (see CPL 190.50[5][b]). We have considered defendant's remaining challenges to his indictment, as well as his speedy trial claims, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021